IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Civil Action No. 5:17-cv-580-D

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* TRIANGLE GRADING AND PAVING, INC., *Plaintiff,* <br><br> *v.* <br><br> DRAGADOS USA, INC., *et al.,* *Defendants.* | **Consent Order on Motion to Compel Arbitration and Stay or Dismiss Litigation by Dragados USA, Inc., Liberty Mutual Insurance Company, Zurich American Insurance Company, and the Insurance Company of the State of Pennsylvania** |

This matter is before the court on the motion by defendant Dragados USA, Inc. ("Dragados") and defendants Liberty Mutual Insurance Company, Zurich American Insurance Company, and the Insurance Company of the State of Pennsylvania (collectively the "Surety Defendants") under the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.* and Rule 12(b)(3) of the Federal Rules of Civil Procedure and/or the doctrine of *forum non conveniens* to compel arbitration of claims by plaintiff United States of America *ex rel.* Triangle Grading and Paving, Inc. ("Triangle") against defendant Dragados USA, Inc. ("Dragados") and to stay or dismiss these proceedings pending resolution of the arbitrated claims. The court has been informed that Dragados and Triangle have reached agreement to arbitrate their disputes pursuant to a separate written arbitration agreement between those two parties executed on April 18, 2018. Accordingly, for good cause shown and with the consent of all parties, the Court hereby ORDERS as follows:

1. This case involves a project known as the Construction of P1383 and P1384 Base Entry Point and Road, Phase II and III, Marine Corps Base, Camp Lejeune, North Carolina (the "Project").

2. Defendant Dragados was the prime contractor on the Project, and plaintiff Triangle is a first-tier subcontractor for Dragados on the Project.

3. Liberty Mutual Insurance Company, Zurich American Insurance Company, and The Insurance Company of the State of Pennsylvania were Dragados' sureties on the Project.

4. The Surety Defendants, as sureties, issued payment bonds for the Project on which Dragados is listed as principal.

5. Dragados and Triangle executed a written subcontract agreement (the "Subcontract") pursuant to which Triangle was to furnish certain labor, equipment, and material on the Project.

6. During and after completion of the work, disputes have arisen between Dragados and Triangle relating to the Project.

7. Triangle filed this action against Dragados and the Surety Defendants as a result of some of those disputes, setting forth various claims and causes of action.

8. Dragados and Triangle—but not the Surety Defendants—now consent to the resolution of their disputes on the Project by arbitration in accordance with the arbitration provision set forth in the Subcontract, as modified or clarified by the separate arbitration agreement identified above, and all parties agree to have this lawsuit stayed pending the outcome of that arbitration.

It is therefore ORDERED, ADJUDGED, AND DECREED as follows:

1. Dragados and Triangle—but not the Surety Defendants—shall submit all claims between them to arbitration;

2. This action is hereby stayed in its entirety, including all claims against the Surety Defendants, pending the completion of the arbitration;

3. Promptly after the time to modify the award expires under any applicable rules and the applicable law, and in any event within 60 days of award, the parties shall report the result of the arbitration to the court; and

4. The court retains jurisdiction over this matter pending the arbitration award to address any motions to confirm or vacate the award.

SO ORDERED. This **19** day of April, 2018.

JAMES C. DEVER III
Chief United States District Judge

WE CONSENT:

/s/ Ethan Fleischer
*Counsel for Plaintiff*

/s/ Neil A. Riemann
*Counsel for Defendants*